Exhibit 4

# M&T Bank
## Employment Termination Summary

### GENERAL INFORMATION

| | | | |
|---|---|---|---|
| Employee Name: | Lynne Vaughn | Employee ID#: | 75248 |
| Position: | Branch Manager | Full or Part Time: | Full Time |
| Supervisor: | Art Murphy | Date of Hire: | 3/22/1984 |
| Division: | Retail – NJNY – CTWC | Cost Center #: | 3424 |
| Dept/Loc: | Mamaroneck Ave (White Plains) | Date: | 03/01/2016 |

REASON FOR TERMINATION: ☐ PERFORMANCE  ☐ ATTENDANCE  ☒ POLICY VIOLATION/OTHER

### SECTION I: PRIOR DISCUSSIONS
*Summarize previous discussions and/or warnings, if applicable. Include date(s) and subject(s) discussed.*

Lynne was demoted in December 2013 due to poor performance and poor judgment as a manager.

During the conversion from Hudson City Savings Bank to M&T Bank that occurred at the branch level in late January 2016 and continuing through February 2016, Lynne was trained on M&T Bank policies and procedures. This training included the topic of bonus interest rates on Money Market (MM) accounts and the prohibition against manipulating existing customer funds on deposit so that those funds would receive a promotional bonus interest rate. Lynne successfully completed this training that included training on the Employee Conduct and the Code of Business Conduct and Ethics policies which specify that violations of the policies may result in immediate termination of employment.

### SECTION II: CURRENT DEFICIENCY OR ISSUE(S)
*Please provide the rationale for the decision to terminate employment. Please site specific date(s) of absence(s) or tardiness, descriptive examples of deficiencies (e.g., poor performance, etc.) if relevant. Explain the impact to co-workers/service partners/customers.*

On 2/26/2016, an M&T Bank branch "buddy" (one of persons persons assigned to the branch responsible for training branch employees during the 2-week actual conversion and acting in a supervisory capacity) was working with Lynne on opening a new Money Market (MM) account for an existing customer. During the account opening process, Lynne suggested to the customer that he should close his existing account and deposit the funds into the new MM account so that he would receive the promotional bonus interest rate on the entire balance. The branch "buddy" explained to Lynne and the customer that this was not permitted and that the promotional interest rate was available only on "new" money being brought to the bank.

The branch "buddy" left the desk area to attend to other business, but overheard Lynne continuing to discuss consolidating the customer's existing account with the new promotional interest account. Lynne ultimately opened the new promotional MM account, deposited the "new" funds into it. Then in a separate transaction, Lynne closed the customer's existing account and deposited those funds into the customer's new promotional interest account she had just opened, despite being told not to do so. While Lynne was at the teller line conducting the closing of the existing account transaction, the branch "buddy" warned Lynne that what she was doing was against bank policy, as had previously been explained to Lynne. Lynne completed the transaction for the customer despite being warned not to do so by the branch "buddy" acting in the capacity of a supervisor.

Lynne's Regional Manager was informed of the incident. He and the Regional Conversion Lead Manager met with Lynne at the branch in person on 2/26/2016 to investigate the incident. Lynne verbally stated that she had closed the customer's existing account and deposited into the new promotional interest account thereby giving the customer promotional interest he was not entitled to. Her explanation was that it was a misunderstanding. When pressed on this with information from the branch "buddy" witnesses who had provided a written statement to the incident, Lynne was asked by her manager to write her own written statement of the incident. Lynne refused to do so despite having been directed to do so by her manager.

In summary, Lynne's actions violated the following bank policies:

- Lynne's actions violated the Employee Conduct policy by falsifying a bank record when she willfully manipulated the customer bonus interest rate offer to provide the customer with promotional interest he was not entitled to (i.e. she deposited existing funds so they would be credited as "new" funds).
- Lynne's actions violated the Employee Conduct policy by falsely inflating the revenue performance of her branch by willfully combining existing funds into a promotional "new money" account.
- Lynne's actions violated the Code of Business Conduct and Ethics policy when she willfully circumvented a Retail promotion in order to provide the customer with promotional interest they were not entitled to.

EXHIBIT
Q
12/3/19 MR

ReM&T2002072

- Lynne's actions violated the Employee Conduct policy, which has a strict prohibition on Insubordination, when she refused to follow the branch "buddy's" direction not to conduct the transaction referenced above.
- Lynne's actions violated the Employee Conduct policy, which as a strict prohibition on Insubordination, when she refused to write a statement of the incident after her manager directed her to do so.

For these reasons, Lynne's employment is being terminated.

**ADDITIONAL COMMENTS**

We reviewed the violations with Lynne and gave her ample opportunity to respond. She did not agree with the facts presented. She was quite upset and we allowed her time to compose herself and we listened at length to her comments. She agreed to have her personal belongings cleared from her office and sent to her. She did ask for a copy of this document which we declined.

Manager Approval: BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE APPROVED THIS EMPLOYMENT TERMINATION AND PROVIDED THE TERMINATION LETTER AND THE M&T EXIT GUIDE TO THE ABOVE EMPLOYEE DURING THE TERMINATION MEETING.

Print Name: ARTHUR MURPHY JR

Manager Signature: [signature] Date: 3/1/16

McCanall, 3/1/16